

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CESAR MATEO,

                Plaintiff,

-v-

C.O. C. BRISTOW, *et al.*,

                Defendants.

No. 12-cv-5052 (RJS) (GWG)
OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Cesar Mateo ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against various corrections officers at the Sing Sing Correctional Facility ("Sing Sing"), in Ossining, New York, asserting claims for First Amendment retaliation, deprivation of property, wrongful confinement, and harassment. (*See* Doc. No. 1 ("Compl.").) Now before the Court is the Report and Recommendation of the Honorable Gabriel W. Gorenstein, Magistrate Judge, recommending that the Court grant Defendants' motion for summary judgment as to the sole remaining claim – the First Amendment retaliation claim – for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (Doc. No. 54 ("Report" or "Rep.").) For the reasons set forth below, the Court adopts the Report in its entirety.

                              A. Background

    The Court assumes the parties' familiarity with the facts of this case, which are set forth thoroughly in the Report. (Rep. at 3–9.) Plaintiff filed this action on June 26, 2012, alleging constitutional violations stemming from incidents that occurred during his incarceration at Sing Sing. (*See* Compl.) Plaintiff alleges that on June 16, 2012, when he was getting ready for his wedding – scheduled to take place later that day at the facility – corrections officers Dean and

Maldonado, in retaliation for Plaintiff having previously filed grievances and lawsuits against other corrections officers, searched his cell, deprived him of his property, and confined him to his cell in "keeplock."[1] (Rep. at 3–4.) Plaintiff also claims that the day after his wedding, which occurred as planned, he was served with an incident report written by corrections officer Bristow and co-signed by corrections officer Ramos, alleging that Plaintiff had played his radio without headphones and refused to turn the radio over upon request. (*Id.* at 6–7.) Plaintiff asserts that the incident itself never took place, and that the report, which was later dismissed, was filed by Defendants to retaliate against him. (*Id.* at 7.)

On July 16, 2013, the Court issued an Order dismissing Plaintiff's claims for deprivation of property, wrongful confinement, and harassment pursuant to Federal Rule of Civil Procedure 12(b)(6), but holding that Plaintiff had stated a claim for retaliation. (Doc. No. 22.) The Court also noted that Plaintiff had not pursued any administrative avenue of relief prior to filing the lawsuit, but concluded that nonexhaustion was not clear from the face of the Complaint because the Complaint alleged "facts that, if true, could establish that administrative remedies were functionally unavailable to him." (*Id.* at 4.) On August 2, 2013, the Court referred this action to Judge Gorenstein for general pretrial supervision and dispositive motions requiring a report and recommendation. (Doc. No. 24.) On March 28, 2014, Defendants filed the instant motion (Doc. No. 40), arguing that summary judgment should be granted in their favor because (1) Plaintiff has not demonstrated that he is excused from the exhaustion requirement; (2) there is no genuine dispute of material fact as to the retaliation claim; and (3) Dean and Maldonado are entitled to qualified immunity. (Rep. at 12; Doc. No. 41.) Defendants' motion was fully briefed following

---

[1] "Keeplock is a form of administrative segregation in which the inmate is confined to his cell, deprived of participation in normal prison routine, and denied contact with other inmates." *Holland v. Goord*, 758 F.3d 215, 218 n.2 (2d Cir. 2014) (citation and internal quotation marks omitted).

2

Defendants' reply on May 23, 2014 (Doc. No. 51). On September 16, 2014, Judge Gorenstein issued the Report, which recommends that the Court grant Defendants' motion for summary judgment based on Plaintiff's failure to exhaust. The Report thoroughly examines the record and the law of exhaustion under the PLRA and concludes that Plaintiff's admitted failure to exhaust is not excused by any of the three exceptions recognized in this Circuit. *See Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004); (Rep. at 15–21). On October 2, 2014, Plaintiff timely filed objections to the Report, asserting that, in fact, all three of the *Hemphill* exceptions apply in this case, and that he is entitled to a trial on his claims. (Doc. No. 56 ("Objections" or "Objs.").) On October 14, 2014, Defendants filed their response to Plaintiff's Objections. (Doc. No. 57.)

### B. Legal Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment should be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is "no genuine dispute as to any material fact" where (1) the parties agree on all facts (that is, there are no disputed facts); (2) the parties disagree on some or all facts, but a reasonable fact-finder could never accept the nonmoving party's version of the facts (that is, there are no genuinely disputed facts), *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); or (3) the parties disagree on some or all facts, but even on the nonmoving party's version of the facts, the moving party would win as a matter of law (that is, none of the factual disputes are material), *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether a fact is genuinely disputed, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996). Nevertheless, to show

3

a genuine dispute, the nonmoving party must provide "hard evidence," *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998), "from which a reasonable inference in [its] favor may be drawn," *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 148 (2d Cir. 2007) (internal quotation marks omitted). "Conclusory allegations, conjecture, and speculation," *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998), as well as the existence of a mere "scintilla of evidence in support of the [nonmoving party's] position," *Anderson*, 477 U.S. at 252, are insufficient to create a genuinely disputed fact. A moving party is "entitled to judgment as a matter of law" on an issue if (1) it bears the burden of proof on the issue and the undisputed facts meet that burden; or (2) the nonmoving party bears the burden of proof on the issue and the moving party "'show[s]' – that is, point[s] out . . . – that there is an absence of evidence [in the record] to support the nonmoving party's [position]," *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

The standard for reviewing a magistrate judge's report and recommendation is well settled. When no party objects, the Court may adopt the report if there is no clear error on the face of the record. *See Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005). A magistrate judge's decision is "clearly erroneous" only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). When a party objects, the objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Harden v. LaClaire*, No. 07-cv-4592 (LTS) (JCF), 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008). "[I]f the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Dawson v. Phillips*, No. 03-cv-8632 (RJS) (THK), 2008 WL 818539, at *1 (S.D.N.Y. Mar. 25, 2008) (internal quotation marks omitted); *see also Forsberg v. Always Consulting, Inc.*, No. 06-cv-13488 (CS), 2008 WL 5449003, at *4 (S.D.N.Y. Dec. 31,

4

2008) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). However, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *see also Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989) (explaining that § 636(b)(1) "affords the district court broad latitude" in reviewing the magistrate judge's recommendation).

### C. Discussion

For the most part, Plaintiff's Objections are generalized assertions not aimed at specific findings in the Report, and simply reiterate the arguments previously made to Judge Gorenstein. These purported objections are thus improper, merely seeking a "second bite at the apple." *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009). The sole possible exception – construed liberally – is Plaintiff's contention that the Report "underestimate[d] the special circumstances of the day of the events," insofar as a person of "ordinary firmness" would be more shaken by being badly mistreated on his or her wedding day than on an ordinary day, and would find the ability to file grievances subsequently foreclosed. (Objs. ¶¶ 9–11.) Accordingly, the Court reviews the Report only for clear error, with the exception of Judge Gorenstein's conclusion that no reasonable factfinder could determine that a person of "ordinary firmness" in Plaintiff's position would have found the Sing Sing grievance procedures unavailable. As to this conclusion, the Court has little difficulty concluding on *de novo* review that Judge Gorenstein's recommendation was correct, for substantially the reasons set forth in the Report. (*See* Rep. at 15–19.)

In order for the exhaustion requirement to be relieved on grounds of unavailability, Plaintiff's "fear that disciplinary actions will be taken against him if he proceeds with a grievance process must, at a minimum, be reasonable." *Contino v. City of New York*, No. 11-cv-8537 (DLC),

5

2013 WL 4015816, at *6 (S.D.N.Y. Aug. 7, 2013). Here, Plaintiff has offered nothing more than "conclusory assertion[s] that he feared retaliation if he completed the grievance process," which is insufficient as a matter of law. *Id.* Specifically, Plaintiff does not allege that he was, at any point, threatened or warned about future grievances. Rather, he simply argues that Defendants Dean and Maldonado told him they would prevent him from attending his wedding – a threat that, within hours, Plaintiff learned to be empty – in retaliation for *past* grievances, and that Dean said he would "feed this guy some crap." However, Plaintiff's "generalized fear" of retribution is "insufficient to render the grievance process unavailable." *Carlson v. Parry*, No. 06-cv-6621, 2013 WL 5354517, at *9 (W.D.N.Y. Sept. 24, 2013); *cf. Mateo v. O'Connor*, No. 10-cv-8426 (LAP), 2012 WL 1075830, at *8 (S.D.N.Y. Mar. 29, 2012) ("If every plaintiff bringing a retaliation claim could have the exhaustion requirement excused by alleging a fear of further retaliation, it would create a general exception to exhaustion for retaliation claims." (quoting *Harrison v. Stallone*, No. 9:06-cv-902 (LEK) (GJD), 2007 WL 2789473, at *6 (N.D.N.Y. Sept. 24, 2007))).

As to the conduct of Defendants Ramos and Bristow, Plaintiff asserts that the second incident alleged in his Complaint – the false report filed by those corrections officers – was also retaliation for his previous grievances, and has made him unable to file further grievances. But once again, this allegation is nothing more than a "conclusory assertion that he feared retaliation if he completed the grievance process," and is thus insufficient. *Contino*, 2013 WL 4015816, at *6. Indeed, nowhere does Plaintiff allege that Ramos or Bristow ever even *mentioned* grievances or said anything suggestive of retaliation. Plaintiff even acknowledges that he had *never interacted* with either Ramos or Bristow prior to the allegedly false report, had never filed a grievance against either, and had never seen Ramos or Bristow with Dean or Maldonado. (*See* Deposition of Cesar Mateo, dated Jan. 16, 2014 (attached as Ex. A to Declaration of Kruti D. Dharia, filed Mar. 28, 2014 (Doc. No. 43)) ("Mateo Dep."), at 43–44, 18–19, 31.) Clearly, such "speculation and

2013 WL 4015816, at *6 (S.D.N.Y. Aug. 7, 2013). Here, Plaintiff has offered nothing more than "conclusory assertion[s] that he feared retaliation if he completed the grievance process," which is insufficient as a matter of law. *Id.* Specifically, Plaintiff does not allege that he was, at any point, threatened or warned about future grievances. Rather, he simply argues that Defendants Dean and Maldonado told him they would prevent him from attending his wedding – a threat that, within hours, Plaintiff learned to be empty – in retaliation for *past* grievances, and that Dean said he would "feed this guy some crap." However, Plaintiff's "generalized fear" of retribution is "insufficient to render the grievance process unavailable." *Carlson v. Parry*, No. 06-cv-6621, 2013 WL 5354517, at *9 (W.D.N.Y. Sept. 24, 2013); *cf. Mateo v. O'Connor*, No. 10-cv-8426 (LAP), 2012 WL 1075830, at *8 (S.D.N.Y. Mar. 29, 2012) ("If every plaintiff bringing a retaliation claim could have the exhaustion requirement excused by alleging a fear of further retaliation, it would create a general exception to exhaustion for retaliation claims." (quoting *Harrison v. Stallone*, No. 9:06-cv-902 (LEK) (GJD), 2007 WL 2789473, at *6 (N.D.N.Y. Sept. 24, 2007))).

As to the conduct of Defendants Ramos and Bristow, Plaintiff asserts that the second incident alleged in his Complaint – the false report filed by those corrections officers – was also retaliation for his previous grievances, and has made him unable to file further grievances. But once again, this allegation is nothing more than a "conclusory assertion that he feared retaliation if he completed the grievance process," and is thus insufficient. *Contino*, 2013 WL 4015816, at *6. Indeed, nowhere does Plaintiff allege that Ramos or Bristow ever even *mentioned* grievances or said anything suggestive of retaliation. Plaintiff even acknowledges that he had *never interacted* with either Ramos or Bristow prior to the allegedly false report, had never filed a grievance against either, and had never seen Ramos or Bristow with Dean or Maldonado. (*See* Deposition of Cesar Mateo, dated Jan. 16, 2014 (attached as Ex. A to Declaration of Kruti D. Dharia, filed Mar. 28, 2014 (Doc. No. 43)) ("Mateo Dep."), at 43–44, 18–19, 31.) Clearly, such "speculation and

conjecture" does not create a triable issue of fact as to whether a reasonable juror could find that a person of ordinary firmness in Plaintiff's position could find the grievance procedures unavailable to him. *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001).

Finally, Plaintiff's contention that the grievance procedures were unavailable to him due to his reasonable fear of retaliation is further undermined by his conduct after the incidents in question. Plaintiff testified during his deposition that after he wrote letters complaining to prison officials about Maldonado and Dean, he had a face-to-face meeting with an official at which both Maldonado and Dean were present, and that he "spoke about the incident in [their] presence" – but that he nonetheless *still* did not file a grievance afterwards. (Mateo Dep. at 64:11–65:11.) Plaintiff's assertion that he was chilled from filing a grievance against the corrections officers even though he was willing to complain through official channels while in the presence of the very officers about whom he was complaining strains credulity. Accordingly, the Court has little difficulty concluding that no reasonable factfinder could find that the grievance procedure was unavailable to Defendant in light of this conduct. *See Snyder v. Whittier*, 428 F. App'x 89, 91 (2d Cir. 2011) (affirming grant of summary judgment) ("[W]hile Snyder's subjective fear is . . . not dispositive, it is nonetheless relevant that two hours after the assault, Snyder complained to Corrections Officer Funnye, who Snyder testified was friendly with [the alleged assaulting officer]."). In fact, even after *filing this very lawsuit*, Plaintiff never attempted to file a grievance, and was apparently unable to "bring [himself] to do it." (Mateo Dep. at 53:3–11.) Surely the grievance process cannot be said to be unavailable because of a reasonable threat of retaliation where Plaintiff filed a lawsuit regarding the very same conduct. *See Mateo v. O'Connor*, 2012 WL 1075830, at *8 ("Mateo's argument is again undermined by his continued filing of grievances and lawsuits during and after the period in question."). Thus, upon a *de novo* review of Plaintiff's claims concerning the unavailability of administrative procedures, the Court concludes that no

reasonable juror could find that a person of ordinary firmness in Plaintiff's position would find the grievance procedure unavailable.

Finally, the Court has reviewed the rest of Judge Gorenstein's recommendation and the record, and concludes that the Report is not otherwise clearly erroneous. To the contrary, the Court finds the Report to be thorough and well-reasoned, and would adopt it even upon a *de novo* review. Accordingly, the Court adopts the remainder of the Report in its entirety.

### D. Conclusion

For the foregoing reasons, the Court adopts the Report in its entirety, and HEREBY ORDERS THAT Defendants' motion for summary judgment is GRANTED. Additionally, for the reasons set forth above, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Accordingly, IT IS FURTHER ORDERED THAT *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of the Court is respectfully directed to terminate the motion pending at docket entry number 40 and close this case.

SO ORDERED.

Dated: March 4, 2015
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE